UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WALTER F. BENSON,

                              Plaintiff,

v.                                                          5:08-CV-1215
                                                            (GTS/DEP)

QUICKNOWLEDGE, INC.,

                              Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LYNN LAW FIRM, LLP                         THOMAS F. SHANNON, ESQ.
  Counsel for Plaintiff
M&T Bank Building
101 South Salina Street, Suite 802
Syracuse, NY 13202

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this breach-of-contract action filed by Walter F. Benson

("Plaintiff") is Plaintiff's motion for default judgment against Quicknowledge, Inc.

("Defendant").  (Dkt. No. 21.)  For the reasons set forth below, Plaintiff's motion is granted.

## I.      BACKGROUND

### A.      Plaintiff's Claims

Generally, liberally construed, Plaintiff's Complaint alleges that, on or about April 13,

2005, Defendant executed and delivered to Plaintiff a promissory note (the "Note") in which

Defendant promised to, *inter alia*, pay Plaintiff the principal sum of one hundred thousand

dollars ($100,000) with interest at eight percent (8%) per annum on April 13, 2006.  (Dkt. No. 1,

¶ 5.)  Plaintiff's Complaint further alleges that, as of the date of the Complaint (November 12,

2008), the sum in question was still "due and owing," with interest accruing daily.  (*Id*. at ¶¶ 8-9.)  Based on these factual allegations, Plaintiff's Complaint expressly asserts a claim for "negligence."  (*Id*. at "Claim I.")  The Court liberally construes this claim as one for breach of contract.[1]

### B.    Plaintiff's Motion for Default Judgment

On January 25, 2010, Plaintiff served his Complaint upon Defendant through both personal service and registered mail.  (Dkt. No. 18.)  Defendant did not file an Answer.  *(See generally* Docket Sheet.)  On February 20, 2010, the Clerk entered default against Defendant pursuant to Fed. R. Civ. P. 55(a).  (Dkt. No. 20.)

On March 3, 2010, Plaintiff filed the current motion for default judgment, and served that motion on Defendant.  (Dkt. No. 21.)  Defendant's response to the motion was due on April 19, 2010.  (Docket Entry dated 03/03/2010.)  As of the date of this Decision and Order, Defendant has filed no such response.  (*See generally* Docket Sheet.)

Generally, in his motion, Plaintiff requests that the Court issue default judgment against Defendant, pursuant to Fed. R. Civ. P. 55(b), based on Defendant's failure to appear, answer, or otherwise move with respect to the pleadings.  (*See generally* Dkt. No. 21.)

---

[1]    The Court notes that all Complaints must be liberally construed.  Fed. R. Civ. P. 8(e).  The Court also notes that, on the Civil Cover Sheet accompanying his Complaint, Plaintiff characterized the "nature of [the] suit as one for "[breach of] contract," specifically, breach of a "negotiable instrument[]."  (Dkt. No. 1, Attach. 2.)  Finally, the Court notes that, in his motion for default judgment, Plaintiff characterizes his action as one for "the failure of defendant Quicknowledge to honor a promissory note executed and delivered to plaintiff on April 13, 2005 to pay plaintiff the principal sum of One Hundred Thousand and 00/100 ($100,000.00) Dollars with interest at eight percent (8%) per annum on April 13, 2006."  (Dkt. No. 21, ¶ 3.)

## II.      DISCUSSION

### A.      Entry of Default Judgment

"Rule 55(b) of the Federal Rules of Civil Procedure provides that when a party moves for judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party." *Coated Fabrics Co. v. Mirle Corp.*, 06-CV-5415, 2008 WL 163598, at *4 (E.D.N.Y. Jan. 16, 2008) (citing Fed. R. Civ. P. 55[b]). "That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered[.]" *Pert 35, Inc. v. Amari Aviation Ltd.*, 09-CV-0448, 2010 WL 1257949, at *3 (N.D.N.Y. Mar. 5, 2010) (Peebles, M.J.).  More specifically, in order to grant Plaintiff's motion for default judgment, Plaintiff must do the following: "[1] show that the defendant was properly served with a summons and complaint; [2] obtain the entry of default; and [3] provide an affidavit setting forth the salient facts including, if the defendant is a person, showing that he or she is not an infant or incompetent, or a member of the United States Military Service." *Pert 35, Inc.*, 2010 WL 1257949, at *3 (citing, *inter alia*, Fed. R. Civ. P. 55[b][2], N.Y.N.D. L.R. 55.1 and N.Y.N.D. L.R. 55.2).  "When a default judgment is entered, the defendant's failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as to claims relating to damages." *Coated Fabrics Co.*, 2008 WL 163598, at *4 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 [2d Cir. 1992]; *Au Bon Pain Corp., v. Artect, Inc.*, 653 F.2d 61, 65 [2d Cir. 1981]).  "Moreover, an inquest by affidavit, without an in-person hearing, may be conducted as long as the court can ensure 'a basis for the damages specified in the default judgment.'" *Id.* (quoting *Transatlantic Marine Claims Agency Inc. v. Ace Shipping Corp.*, 109 F.2d 105, 111 [2d Cir. 1997] [citation omitted]).

Here, Plaintiff has moved for default judgment, and Defendant has failed to respond to the Complaint or to oppose Plaintiff's motion, despite receiving notice and an opportunity to respond.  *See*, *supra*, Part I.B. of this Decision and Order.  In addition, Plaintiff has (1) properly served Defendant with the Complaint, (2) obtained an entry of default against Defendant, and (3) provided an affidavit setting forth the aforementioned facts.  *Id*.  Based on Plaintiff's compliance with Fed. R. Civ. P. 55(b)(2) and N.D.N.Y. L.R. 55.1 and 55.2, and Defendant's apparent lack of interest in this proceeding, the Court concludes that judgment by default is appropriate under the circumstances.  As a result, the Court proceeds to an analysis of Defendant's liability under the Note.

### B.    Defendant's Liability for Breach of the Note

Under Delaware law,[2] in order to establish a *prima facie* case for entitlement to recover on a breach of contract, a plaintiff must show "[1] a contractual obligation[,] [2] a breach of that obligation by the defendant[,] and [3] a resulting damage to the plaintiff."  *Accelecare Wound Centers, Inc. v. Bank of New York*, 08-CV-8351, 2009 WL 1227487, at *3 (S.D.N.Y. May 5, 2009) (quoting *H-M Wexford LLC v. Encorp, Inc*., 832 A.2d 129, 140 [Del. Ch. 2003]).

Here, Plaintiff has established each element necessary to recover from Defendant under the Note.  First, Defendant became liable to Plaintiff upon executing and signing the Note.  (Dkt. No. 1, Attach. 1.)  Second, Defendant breached its obligation under the Note by failing to make the payment due on April 13, 2006.  (*Id*.)  Finally, Plaintiff has been damaged by Defendant in

---

[2]    The Court notes that the Note provides that it "shall be construed and enforced in accordance with and governed by the laws of the State of Delaware." (Dkt. No. 1, Attach. 1, at ¶ 12.)  Accordingly, Delaware law applies to the Note.  *See Butvin v. DoubleClick, Inc*., 99-CV-4727, 2001 WL 228121, at *7 (S.D.N.Y. Mar. 7, 2001) (noting that a "choice of law provision applies . . . to the interpretation and enforcement of the contract itself").

the amounts due under the Note.  (*Id*.)  As a result, Plaintiff has established that he is entitled to recover from Defendant for breach of the Note.

### C.    Damages

"After establishing liability, the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty."  *Coated Fabrics Co.*, 2008 WL 163598, at *5 (citations omitted).  "Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that when granting a default judgment, if 'it is necessary to take an account or determine the amount of damages or to establish the truth of any averment by evidence . . . the court may conduct such hearings or order such references as it deems necessary and proper . . . .'" *Id*. (quoting Fed. R. Civ. P. 55[b][2]). As indicated above in Part II.A. of this Decision and Order, "in lieu of a damages inquest hearing, the movant need only show by affidavit adequate support for the relief it seeks." *Id*. (citation omitted).  "Where, as here, default has been noted, a party's recovery is limited to the amount requested in its demand for judgment." *Id*. (citations omitted).

Having found Defendant liable under the Note, the Court proceeds to assess the damages owed by Defendant.

### 1.    The Unpaid Principal Amount and Interest Owed by Defendants Under the Note

As stated in Plaintiff's Verified Complaint, which has the force and effect of an affidavit,[3] the total unpaid principal amount due under the Note, as of November 12, 2008, was

---

[3]    Generally, a verified complaint filed by a plaintiff has the force and effect of an affidavit.  *See Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) ("[A] verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001) (holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing summary judgment"), *cert. denied*, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1993) ("A verified complaint is to be treated as an affidavit for summary judgment purposes.") [citations omitted].

one hundred thousand dollars ($100,000).  (Dkt. No. 1, ¶ 8.)  In addition, interest on the unpaid

balance was due at the rate of eight percent (8%) per annum, as provided for under the Note.  (*Id.*

at ¶ 9.)  Furthermore, as stated in the affidavit of Plaintiff's counsel, these amounts were still due

as of the date of the motion, March 3, 2010.  (Dkt. No. 21, ¶¶ 11-12.)  According to the Court's

calculations, as of May 10, 2010, the interest due on the unpaid balance is forty thousand five-

hundred and ninety one dollars and seventy-eight cents ($40,591.78).[4]

Therefore, the Court finds that Plaintiff is entitled to recover from Defendant the unpaid

balance of one hundred thousand dollars ($100,000), together with forty thousand five-hundred

and ninety one dollars and seventy-eight cents ($40,591.78) in interest at the contractual default

rate of eight percent (8%) per annum.

### 2.      Attorney's Fees and Costs

Plaintiff seeks to recover six thousand dollars ($6,000) in attorney's fees and eight

hundred dollars ($800) in costs associated with this action.  (Dkt. No. 21, ¶ 11.)

### a.      Choice of Law

"Under New York choice of law principles, contractual choice of law clauses only apply

to substantive issues; New York follows its own procedural rules."  *RLS Assoc. LLC v. United*

*Bank of Kuwait PLC*, 464 F. Supp.2d 206, 214 (S.D.N.Y. 2006) (citation omitted).  "Statutes that

allow recovery of attorneys' fees are substantive for *Erie* purposes."  *Manheim Auto. Fin. Servs.,*

*Inc. v. Fleet Funding Corp.*, 09-CV-4357, 2010 WL 1692954, at *6 (E.D.N.Y. Mar. 22, 2010)

---

[4]      The Court calculates the interest due under the Note by using the principal
amount of $100,000, the contractual rate of 8% per annum, the date of accrual as April 13, 2006,
and May 10, 2010 (the date of this Decision and Order) as the end date.  Accordingly, interest is
calculated as follows:

Principal x Annual Interest Rate x Time = Interest
(100,000) x (.08) x (1852/365) = $40,591.78

(citing *RLS Assoc.*, 464 F. Supp.2d at 213).  However, "[a] rule may be substantive for purposes of *Erie* analysis, but procedural under a state's choice of law analysis."  *RLS Assoc.*, 464 F. Supp.2d at 214-15.  This Court must apply the choice-of-law rules of New York to determine if the Delaware rule for attorneys' fees applies.[5]  *See Manheim Auto. Fin. Servs., Inc.*, 2010 WL 1692954, at *6.

"New York courts classify legal rules as 'substantive' when they relate closely to an underlying right and 'procedural' when they deal with the remedy by which that right is enforced."  *Id*. (citing *RLS Assoc.*, 464 F. Supp.2d at 217-18 [citation omitted]).  The Delaware attorneys' fee rule tailors the remedy in a breach of contract action, not the right itself.  *See Bensen v. American Ultramar Ltd.*, 92-CV-4220, 1997 WL 317343, at * 15 (S.D.N.Y. June 12, 1997) (describing the American rule on attorneys' fees as "a fundamental component of the state's procedural law").  "It is not a specific law attached to a particular cause of action, but a general rule applicable to all litigation involving loan documents."  *See Manheim Auto. Fin. Servs., Inc.*, 2010 WL 1692954, at *6 (citation omitted).  Rather, the Delaware rule establishes a detailed procedure for computing attorneys' fees in certain kinds of contracts.  *See, e.g ., Pinkert v. John J. Olivieri, P.A.*, 99-CV-0380, 2001 WL 641737, at *6 (D. Del. May 24, 2001) (noting that "[t]he Delaware Code, which allows recovery of attorney's fees when a lawsuit is based on a written instrument, states, *inter alia*, that 'counsel fees shall not be entered as part of such judgment unless the note, bond, mortgage, invoice or other instrument of writing sued upon, by the terms thereof, expressly provides for the payment and allowance thereof . . .'" ); *In re Priestley*, 201 B.R. 875, 888 (Bankr. D. Del. 1996).  "Accordingly, New York law governs the

---

[5]      Delaware law mandates that a promissory note provide for attorneys' fees before a party is entitled to recover such fees.  *See* 10 Del. C. § 3912.

procedural issue of attorneys' fees and costs in this breach of contract action." *Manheim Auto. Fin. Servs., Inc.*, 2010 WL 1692954, at *6.

### b.    Entitlement to Attorney's Fees and Costs

The Note is silent on the issue of attorney's fees and costs incurred by one party as a result of the other party's default under the Note.  (Dkt. No. 1, Attach. 1.)  Nonetheless, Plaintiff requests $6,000.00 in attorney's fees, and $800 in costs.  (Dkt. No. 21, ¶ 11.)[6]

With regard to attorney's fees, the "American Rule" is that "attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule." *Hooper Assocs. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491 (N.Y. 1989); *Greenberg v. Trace Int'l Holdings, Inc.*, 99-CV-0306, 1999 WL 587935, at *4 (S.D.N.Y. Aug. 4, 1999) (noting that "a court can consider attorneys' fees only if they are reasonable and are provided for by contract or state statute"); *Jedon Corp. v. Indus. Paint Servs.*, 27 A.D.3d 915, 916 (N.Y. App. Div. 3d Dep't 2006) (denying plaintiff's request to recover attorney's fees in action to enforce promissory note because "the promissory note itself contain[ed] no explicit provision for recovery of counsel fees"); *Citibank N.A. v. Galor Constr. Co.*, 60 A.D.2d 667, 667 (N.Y. App. Div. 3d Dep't 1977) (noting that recovery of counsel fees in an action to enforce a promissory note will not be permitted unless "the parties . . . explicitly agree that if the holder of the note is forced to sue to recover on the note, he will be entitled to such fees").

---

[6]    In his motion papers, Plaintiff has not provided the Court with an itemization of either (1) the amount of attorney and/or paralegal hours that were spent prosecuting this claim, or (2) the attorney's and/or paralegal's hourly rate.  (*See generally* Dkt. No. 21.)

Here, there is no court rule or relevant New York statute that permits the recovery of attorney's fees in this type of action.  In addition, the Note does not require Defendant to reimburse Plaintiff for his attorney's fees incurred in seeking to recover under the Note.  (Dkt. No. 1, Attach. 1.)  As a result, Plaintiff's request for attorney's fees is denied.

With regard to Plaintiff's request for costs, Fed. R. Civ. P. 54(d) states, *inter alia*, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1); *see also MRC Indus., Inc. v. Global Therapy Sys., LLC*, 06-CV-3633, 2009 WL 2461106, at *4 (E.D.N.Y. Aug. 7, 2009) (finding that plaintiff "is entitled to recover the $350.00 filing fee as a cost"). "These 'costs' include only those taxable costs set forth in 28 U.S.C. § 1920 (1994)." *Sony Music Entm't Inc. v. Pedestal Prod., Inc.*, 01-CV-4033, 2002 WL 1226861, at *3 (S.D.N.Y. Apr. 9, 2002) (citing, *inter alia*, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 [1987]) (noting that, under 28 U.S.C. § 1920, "[t]he filing fee and statutory fee . . . are taxable as costs of this action").

Pursuant to N.D.N.Y. L.R. 54.1(a), "[t]he party entitled to recover costs shall file, within thirty (30) days after entry of judgment, a verified bill of costs on the forms that the Clerk provides. . . . The party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs that it seeks. . . . Forms for the preparation of a bill of costs are available from the Clerk's office or at the Court's website at www.nynd.uscourts.gov." N.D.N.Y. L.R. 54.1(a).

Here, the Court is aware of no federal rule or court order that would not permit Plaintiff to recover, as the prevailing party in this action, the taxable costs set forth in 28 U.S.C. § 1920. As a result, the Court finds Plaintiff is entitled to recover any taxable costs that he is able to

demonstrate that he incurred.

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 21) is **<u>GRANTED</u>**; and it is further

**ORDERED** that the Clerk's Office is directed to enter Judgment against Defendant and in favor of Plaintiff in the amount of one hundred thousand dollars ($100,000), together with forty thousand five-hundred and ninety one dollars and seventy-eight cents ($40,591.78) in interest as of May 10, 2010 for a total of **ONE HUNDRED AND FORTY THOUSAND FIVE-HUNDRED NINETY ONE DOLLARS AND SEVENTY-EIGHT CENTS ($140,591.78)**; and it is further

**ORDERED** that Plaintiff's request for attorney's fees is **<u>DENIED</u>**; and it is further

**ORDERED** that Plaintiff's request for costs is **<u>GRANTED</u>** to the extent that the expenses constitute taxable costs.  <u>Plaintiff is advised that, after he files a verified bill of costs pursuant to Local Rule 54.1(a), and the Court approves those costs, the Court will direct the Clerk to enter an Amended Judgement against Defendant in the appropriate amount.</u>

Dated: May 10, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge